UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cr-213-MOC

| UNITED STATES OF AMERICA, | ) |
|---|---|
| | ) |
| v. | ) |
| | ) **ORDER** |
| THOMAS SNIFFEN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's Motion for Compassionate Release (Doc. No. 646). The Government does not oppose Defendant's motion. (Doc. No. 649). Having carefully considered the motion and reviewed the pleadings, the Court will **GRANT** Defendant's motion.

## I.   BACKGROUND

In January 2020, this Court sentenced Defendant to 114 months imprisonment following his guilty pleas to conspiracy to commit wire and mail fraud, wire fraud, mail fraud, conspiracy to commit international money laundering, and international money laundering. (Doc. Nos. 514, 602). Defendant's projected release date is August 2, 2024, and he is expected to be eligible for home detention on February 3, 2024.

Defendant now seeks compassionate release due to his diagnosis of Stage IV non-small cell lung cancer with metastasis to his bones and brain. According to Bureau of Prisons (BOP) medical records, Defendant has a life expectancy of 12 months or less. (Doc. No. 649). Defendant has not incurred a disciplinary record in prison, and he has served around 90% of his sentence. The warden of FMC Butler, where Defendant is currently imprisoned, has

recommended consideration of Defendant's request for reduction in sentence, which remains under consideration by the BOP Central Office.

If released, Defendant would reside with his sister in New Jersey. His release plan has been approved by the U.S. Probation Office for the District of New Jersey. Defendant has a two-year term of supervised release to follow his incarceration.

## II. DISCUSSION

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a non-binding policy statement addressing motions for reduction of sentences under Section 3582(c)(1)(A).[1] As relevant here, the non-

---

[1] In a recent decision, the Fourth Circuit determined that the policy statement is no longer binding on courts deciding compassionate release motions because U.S.S.G. § 1B1.13 was enacted before the First Step Act. United States v. McCoy, 981 F.3d 271 (4th Cir. 2020). Specifically, the Fourth Circuit held that the policy statement found in U.S.S.G. § 1B1.13 does not apply to compassionate release motions brought by inmates under 18 U.S.C. § 3582(c)(1)(A)(i). Id. at 281–83. The McCoy Court reasoned that, because Section 1B1.13 applies only to motions brought by the Bureau of Prisons, it cannot be the policy statement applicable in circumstances where defendants bring their own motions for compassionate release. Id. In place of the no-longer-applicable policy statement, McCoy permits "courts [to] make their own independent determinations of what constitutes an 'extraordinary and compelling reason[ ]' under § 3582(c)(1)(A), as consistent with the statutory language[.]" Id. at 284. The McCoy Court noted, however, that Section 1B1.13 "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7. Because this Court finds that the policy statement is extremely helpful in assessing motions for compassionate release brought by defendants, the Court will rely on it as guidance.

binding policy statement provides that a court may reduce the term of imprisonment after considering the Section 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction"; (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The policy statement includes an application note specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." That standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). The standard is also met if the defendant is: (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)–(C).

Finally, in addition to the non-binding policy statement, the Fourth Circuit has recently clarified that courts may make their own independent determinations as to what constitute "extraordinary and compelling reasons" to warrant a reduction of sentence under Section 3582(c)(1)(A). United States v. McCoy, 981 F.3d 271 (4th Cir. 2020).

The Court finds that Defendant's health prognosis is an "extraordinary and compelling" reason justifying his release. Defendant has been diagnosed with stage IV non-small cell lung

cancer with metastasis to his bones and brain. At this stage, the disease is likely to kill Defendant within 12 months. The government agrees that "Defendant has established an "extraordinary and compelling reason" for a sentence reduction under Section 3582(c)." (Doc. No. 649 at 5).

The Court finds that the Defendant's health condition is "extraordinary" in that it is a rare and destructive disease. Further, his condition is "compelling" in that his disease is a convincing reason that he should be allowed to live out the rest of his life surrounded by family and loved ones instead of in prison. Other courts have granted compassionate release to defendants who were similarly facing terminal diseases. See, e.g., United States v. Smith, 464 F. Supp. 3d 1009, 1025-26 (N.D. Iowa 2020) (granting compassionate release where defendant suffered from stage IIIA non-small cell lung cancer); United States v. Schmitt, 2020 WL 96904, at *3–6 (N.D. Iowa Jan. 8, 2020) (granting compassionate release for defendant diagnosed with Stage IV metastatic breast cancer that was spreading even though a doctor stated that the defendant had limited disease, that treatment can offer good control of the disease, and that the defendant had more than 18 months to live) (citing United States v. Pesterfield, No. CR14-00014, Doc. No. 756, at *3 (E.D. Tenn. May 6, 2019) (defendant had stage IIIB metastatic colorectal cancer that had spread to her lymph nodes)); United States v. Beck, 13CR-186-6, 2019 WL 2716505, at *1 (M.D.N.C. June 28, 2019) (defendant had invasive metastatic breast cancer that had spread to her lymph nodes); United States v. Wong Chi Fai, No. 93CR-1340, 2019 WL 3428504, at *1 (E.D.N.Y. July 30, 2019) (defendant had metastatic papillary thyroid cancer that obstructed his airway); United States v. Gasich, No. 14-cr-63, 2019 WL 4261614, at *1 (N.D. Ind. Sept. 9, 2019) (defendant had stage four metastatic breast cancer that had spread to her bones, lymph nodes, chest muscle, wall, and liver, and metastasized in her brain); United States v. Spears, No. 98-cr-0208-SI-22, 2019 WL 5190877, at *1 (D. Ore. Oct. 15, 2019) (defendant had metastatic

prostate cancer); United States v. Ramirez, 2021 WL 4150891, at *17 (E.D.N.Y. Sept. 13, 2021) (granting compassionate release where defendant suffered from Stage IV pancreatic and liver cancer) (citing United States v. Kelley, 464 F. Supp. 3d 1134, 1135 (N.D. Cal. 2020) (finding extraordinary and compelling reasons where defendant suffered from terminal prostate cancer with two-year life expectancy)); United States v. Winckler, No. 13-318, 2020 WL 1666652, at *2 (W.D. Pa. Apr. 3, 2020) (finding extraordinary and compelling circumstances where defendant was diagnosed with "stage-four metastatic thyroid cancer" and had life expectancy of less than twelve months).

The Court has further considered the sentencing factors in Section 3553(a), and the Court finds that these factors similarly counsel in favor of Defendant's release. Defendant's crimes were serious. Accordingly, this Court sentenced him to a term of 114 months. Defendant has served most of that sentence and is now faced with a terminal illness with a life expectancy of only 12 months (as of July 2023). His medical diagnosis and prognosis dramatically reduce the risk of danger he would pose to the safety of any other person or the community upon release. See 18 U.S.C. § 3142(g)(3). That risk will be further reduced by requiring Defendant to serve two years of supervised released as required under the terms of his original sentence. Defendant's diagnosis and prognosis are personal characteristics that additionally favor a reduction in sentence pursuant to Section 3553(a). Granting Defendant's early release does not undermine the purposes and factors set forth under Section 3553(a).

### III. CONCLUSION

The Court finds that Defendant's serious medical diagnosis and prognosis constitute the kind of "extraordinary and compelling" reasons that allow the Court to sentence him to time served and grant his release. The Court will grant Defendant's Motion.

## ORDER

**(1) IT IS, THEREFORE, ORDERED** that Defendant's Motion for Compassionate Release (Doc. No. 646) is **GRANTED**. Defendant's term of imprisonment is hereby reduced to **TIME SERVED**.

**(2) IT IS FURTHER ORDERED** that, upon release from imprisonment, Defendant shall be placed on supervised release for a term of two years.

**(3)** Defendant is **ORDERED** released from the custody of the United States Bureau of Prisons and/or the custody of the U.S. Marshals Service. Defendant shall be released from the custody of the BOP <u>as soon as his medical condition permits</u>. To allow the Bureau of Prisons/United States Marshal/Pretrial Service adequate time, such are allowed up to ten days to comply with this order.

**(4)** The Clerk of Court shall certify copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

Max O. Cogburn Jr.
United States District Judge